S.D.N.Y.- N.Y.C.
12-cv-7068
Scheindlin, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

Present:
    Rosemary S. Pooler,
    Raymond J. Lohier, Jr.,
    Susan L. Carney,
        *Circuit Judges*.

John Murphy, *et al.*,

        *Plaintiffs-Appellants,*

Amal Shetiwy, *et al.*,

        *Plaintiffs*,

    v.                                    14-1318

Midland Credit Management, Inc., AKA Midland Funding LLC, *et al.*,

        *Defendants-Appellees*,

DebtOne, L.L.C., *et al.*,

        *Defendants*.

Appellants move for "[r]elief" from the district court's May 23, 2014 order vacating a prematurely-entered judgment. Appellants also move to amend the caption. Appellee Chase Bank N.A. moves to dismiss the appeal for lack of jurisdiction. Upon due consideration it is hereby ORDERED that

SAO-MEM

Appellants' motion for "[r]elief" is DENIED, Appellee's motion is GRANTED, and the appeal is DISMISSED because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291, nor is there any other basis for immediate appeal. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (describing when a final order has been entered); *see also* Fed. R. Civ. P. 54(b) (addressing the certification of partial judgments for immediate appeal); *Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 36 (2d Cir. 1991) (holding that no final appealable order existed where only some, but not all, claims were dismissed and the district court did not certify under Rule 54(b)). While this Court has jurisdiction over an appeal when an "action is dismissed as to all defendants who have been served and only unserved defendants remain," *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980) (internal quotation marks omitted), the present case is readily distinguishable because all remaining defendants in the district court case have been served and further adjudication related to pending arbitration proceedings is likely to occur in the district court.

Finally, it is further ORDERED that Appellants' motion to amend the caption is DENIED. *See* Fed. R. App. P. 12(a) (providing that "the circuit clerk must docket the appeal under the title of the district-court action").

    FOR THE COURT:
    Catherine O'Hagan Wolfe, Clerk

*/s/ Catherine O'Hagan Wolfe*